

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ACCESS 4 ALL, INC., a Florida not for profit
corporation, and PETER SPALLUTO,
Individually,

         Plaintiffs,

vs.

RENAISSANCE OAKBROOK HOTEL, LLC,
a Delaware Limited Liability Company, and
OAKBROOK SHOPPING CENTER, LLC,
a Delaware Limited Liability Company,

         Defendants.

06CV3180
JUDGE KENDALL
MAGISTRATE DENLOW

**FILED**

JUN 0 9 2006

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida not for profit corporation, and PETER

SPALLUTO, Individually, on their behalf and on behalf of all other individuals similarly situated,

(sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendants, RENAISSANCE

OAKBROOK HOTEL, LLC, a Delaware Limited Liability Company, and OAKBROOK

SHOPPING CENTER, LLC, a Delaware Limited Liability Company (sometimes referred to as

"Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, PETER SPALLUTO, is an individual residing in Pompano Beach, FL, in the

County of Broward.

2.    Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the

State of Florida. ACCESS 4 ALL, INC. maintains its principal office at 3200 N. Palm Aire

Dr., #505, Pompano Beach, FL 33069, in the County of Broward.

3.  Defendant's property, Renaissance Oak Brook Hotel, is located at 2100 Spring Rd., Oak Brook, IL 60521, in the County of Dupage County.

4.  Venue is properly located in the Northern District of Illinois because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.  Plaintiff PETER SPALLUTO is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. PETER SPALLUTO has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 7.

7.  Plaintiff ACCESS 4 ALL, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its

2

members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.    Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Renaissance Oak Brook Hotel, and is located at 2100 Spring Rd., Oak Brook, IL 60521.

9.    ACCESS 4 ALL, INC. and PETER SPALLUTO have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. PETER SPALLUTO desires to visit Renaissance Oak Brook Hotel not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.   The Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of,

3

the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Renaissance Oak Brook Hotel has shown that violations exist. These violations include, but are not limited to:

**Parking**

A.    There is a passenger unloading area provided for public use without designating an area for disabled use violating section 4.6.6 of the ADAAG.

B.    The disabled use parking spaces do not have compliant access aisles connecting to an accessible route violating sections 4.6.3 & 4.3 of the ADAAG.

**Accessible Routes**

A.    There are protruding objects present throughout the facility in violating section 4.4 of the ADAAG.

**Public Restrooms**

A.    There are no compliant disabled restrooms at this facility violating sections 4.1.2 & 4.22 of the ADAAG.

B.    The lavatories in the restrooms do not comply with sections 4.22.6 & 4.19 of the ADAAG.

C.    The restroom doors do not comply with section 4.13.6 of the ADAAG.

D.    The water closets do not comply with sections 4.22.4 and 4.16 of the ADAAG.

E.     There are urinals provided which do not comply with the sections 4.22.5 & 4.18 of the ADAAG.

F.     There are dispensers provided for public use in the restrooms with controls outside of reach ranges required in sections 4.22.7 & 4.27 of the ADAAG.

G.     There are showers provided at the facility without elements to facilitate use by the disabled in violating sections 4.21 & 4.23.8 of the ADAAG.

**Access to Goods and Services**

A.     There are counters in excess of 36" violating section 7.2 of the ADAAG.

B.     There are vending machines in locations which do not provide sufficient wheelchair space violating sections 5.8 & 4.2 of the ADAAG.

C.     There is a drinking fountain in the exercise room which violates section 4.15 of the ADAAG.

**Elevators**

A.     There are elevators provided at the facility which do not comply with section 4.10 of the ADAAG.

**Accessible Guest Rooms**

A.     The rooms for disabled use do not provide elements which are equipped for use by the hearing/visually impaired violating Section 9 of the ADAAG.

B.     The rooms for disabled use do not provide a compliant roll-in shower violating section 9.1.2 of the ADAAG.

C.     The rooms for disabled use do not provide a compliant bathtub violating section 4.20 of the ADAAG.

D.     The rooms for disabled use provide elements with controls & mechanisms outside of required ranges violating sections 9.2.2 (5) & 4.27.3 of the ADAAG.

E.     There are an insufficient number of guest rooms for persons with hearing impairments violating section 9.1.3 of the ADAAG.

5

F.    The disabled use rooms are not dispersed among the various classes of sleeping accommodations in violation of Section 9.1.4 of the ADAAG.

G.    There are tables which do not provide knee spaces at least 27 inches high violating section 4.32.3 of the ADAAG.

H.    There are doors within the guest rooms which have non-compliant hardware violating sections 9.2.2 (3) & 4.13.9 of the ADAAG.

I.    The toilet flush valves are not mounted on the wide side violating section 4.16.5 of the ADAAG.

**Outdoor Pool**

A.    There is no water access for a wheelchair user violating of section 9.1.1 of the ADAAG.

12.   The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in

6

order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.   Defendants have discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.   Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.   Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including

7

individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

    a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods,

8

services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

John P. Fuller, Esquire, *pro hac vice pending*
jpf@fullerfuller.com
Thomas B. Bacon, Esquire, *pro hac vice pending*
tbb@fullerfuller.com
Fuller, Fuller & Associates, P.A.
Co-Counsel for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile

and

Jerome G. Silbert, Esquire
Law Office of Jerome G. Silbert
Co-Counsel for Plaintiffs
10 S. Riverside Plaza, Suite 1020
Chicago, IL 60606
(312) 207-0181
(312) 207-1332 - Facsimile

By: _____
       Jerome G. Silbert, Esquire
       IL Bar Number 13600

Date: June 1, 2006

9